UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK WILLIAM MORGAN,<br><br>    Petitioner<br><br>v.<br><br>WARDEN, USP-ALLENWOOD,<br><br>    Respondent. | CIVIL ACTION NO. 1:24-CV-00094<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Jack William Morgan ("Morgan"), a federal inmate in the custody of the Federal Bureau of Prisons. (Doc. 1). Morgan challenges the validity of a disciplinary report he received at the Federal Correctional Institution, Thomson, Illinois. For the reasons set forth below, the Court will dismiss the habeas petition.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Morgan is presently confined at the United States Penitentiary, Allenwood, Pennsylvania. (Doc. 1). He is serving a life sentence imposed by the United States District Court for the District of Nevada for conspiracy to commit kidnapping and kidnapping. (Doc. 8-3).

On February 17, 2022, Morgan was charged in incident report number 3596866 with possessing a dangerous weapon, a code 104 violation. (Doc. 1, at 6-7; Doc. 8-5, at 5). On March 8, 2022, Morgan appeared before a Discipline Hearing Officer ("DHO"). (Doc. 8-5, at 5). Upon questioning by the DHO, Morgan denied the charges. (Doc. 8-5, at 5). The DHO ultimately found that Morgan committed the prohibited act of possessing a dangerous weapon, a code 104 violation. (Doc. 8-5, at 5). The DHO sanctioned Morgan to ninety (90)

days of disciplinary segregation, a monetary fine, and loss of commissary, mattress, and phone privileges for ninety (90) days. (Doc. 8-5, at 5). Morgan did not lose any good conduct time as a result of the misconduct. (Doc. 8-5, at 5).

In the instant habeas petition, Morgan challenges the DHO's finding of guilt. (Doc. 1). He alleges that a correctional officer planted the weapon in his cell in retaliation for refusing to rejoin general population. (Doc. 1, at 6-7). For relief, Morgan requests that the Court expunge incident report number 3596866. (Doc. 1, at 7). The petition is ripe for disposition.

**II. DISCUSSION**

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Wolff*, 418 U.S. at 559. To invoke the Due Process Clause, a petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Morgan fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause.

See *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). Morgan does not allege that he lost any good-time credits, and the record confirms that he did not lose any good conduct time. Rather, Morgan's disciplinary infractions resulted only in temporary placement in disciplinary segregation, a monetary fine, and temporary loss of commissary, mattress, and phone privileges, for the code 104 violation. These sanctions do not implicate protected liberty interests as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. *See, e.g.*, *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (placement in administrative segregation for fifteen (15) months did not impose atypical and significant hardship on prisoner); *Pelzer v. Shea*, 470 F. App'x 62, 65 (3d Cir. 2012) (not precedential) (disciplinary confinement and temporary loss of work, radio, pay, phone, commissary, and visitation did not impose atypical and significant hardship on inmate in relation to the ordinary incidents of prison life). Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of Morgan's sentence or confinement, and did not impose an atypical and significant hardship on him, the petition is subject to dismissal. *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x 172 (3d Cir. 2007) (not precedential).

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus. An appropriate Order shall issue.

**Dated: March 5, 2024**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**